**Signed and Filed: January 31, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-30030 TEC 7 |
| ALLIANCE FINANCIAL CAPITAL HOLDINGS, INC., | Chapter 7 (Involuntary) |
| Alleged Debtor. | |
| RICHARD L. HATFIELD, | Case No. 07-30031 TEC 7 |
| | Chapter 7 (Involuntary) |
| Alleged Debtor. | |

**MEMORANDUM RE MOTION TO REQUEST REMAND**

    This court abstained in the above-entitled involuntary chapter 11 cases pursuant to 11 U.S.C. § 305. Movant Jennifer Moore (Moore) appealed that decision. The court dismissed the involuntary petitions at the request of the petitioning creditors, upon the rationale that the underlying disputes could best be resolved through judicially supervised settlement discussions in a pending state-court action. The alleged Debtors and the

MEMORANDUM RE MOTION
TO REQUEST REMAND     -1-

petitioning creditors reached a settlement, but the alleged Debtors apparently were unable to obtain financing to fund the payments required under the settlement agreement.  Moore, whom this court previously found to be a creditor of Hatfield, but not a creditor of Alliance, argues that the dismissal orders should now be set aside because of the alleged Debtors' inability to fund the settlement agreement.  Because the dismissal orders are on appeal, Moore asks this court to request that the appellate court remand the matter so that such relief can be granted.

    This court declines to request remand.  The involuntary petitions were dismissed for all purposes and without condition.  This court did so to encourage the alleged Debtors and the petitioning creditors to reach a consensual resolution through the pending state-court action.  Moore has not shown any newly discovered evidence relevant to whether dismissal was appropriate at the time it was ordered.  Although a court may set aside a judgment solely on the basis of a subsequent change of circumstances, such relief should be granted sparingly and to avoid unfairness from the *prospective* effect of the ruling.  11 Wright, Miller & Kane, Fed. Prac. & Proc. 2d § 2863 at 336 (2d ed. 1999); United States v. Swift & Co., 286 U.S. 106 (1932).  Moore is not seeking to avoid the prospective effect in the usual sense of that term, as when a party seeks to have an injunction involved.  If bankruptcy is now appropriate, the prior dismissal does not bar a new involuntary petition.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE MOTION**
**TO REQUEST REMAND**    -2-

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Michael D. Cooper, Esq. |
|   | Wendel, Rosen, Black and Dean |
| 4 | 1111 Broadway, 24th Floor |
|   | P.O. Box 2047 |
| 5 | Oakland, CA 94604-2047 |
| 6 | Iain A. Macdonald, Esq. |
|   | Macdonald and Associates |
| 7 | 221 Sansome Street |
|   | San Francisco, CA 94104 |
| 8 | |
|   | Chris D. Kuhner, Esq. |
| 9 | Kornfield, Paul & Nyberg |
|   | 1999 Harrison Street |
| 10 | Suite 2675 |
|   | Oakland, CA 94612 |
| 11 | |
|   | James H. Seymour, Esq. |
| 12 | Law Offices of James H. Seymour |
|   | 706 Cowper Street |
| 13 | Palo Alto, CA 94301 |